**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**EDWIN RODRIGUEZ,**                    :

                    **Petitioner**       :

                                    **CIVIL ACTION NO. 3:14-1307**

        **v.**                           :

                                            **(Judge Mannion)**

**WARDEN SPAULDING**              :

                    **Respondent**       :

## MEMORANDUM

Petitioner, Edwin Rodriguez, an inmate currently confined in the Allenwood Federal Correctional Institution ("FCI-Allenwood"), White Deer, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). He challenges a conviction and sentence imposed by the United States District Court for the Eastern District of Pennsylvania. For the reasons set forth below, the Court will dismiss the petition for writ of habeas corpus.

## II.    Procedural Background

On November 20, 1996, Petitioner was sentenced in the United States District Court for the Eastern District of Pennsylvania to a term of 360 months of imprisonment following his conviction on one count of conspiracy to

distribute cocaine.[1] See United States v. Rodriguez, Criminal Action No. 2:94-cr-0192-LS-10 (USDC E.D. Pa. (Philadelphia)). Rodriguez's conviction and sentence was affirmed on direct appeal. See United States v. Rodriguez, 168 F.3d 480 (Table)(3d Cir. 1998).

On November 3, 1999, Rodriguez filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. §2255. See United States v. Rodriguez, Criminal Action No. 2:94-cr-0192-LS-10 (USDC E.D. Pa. (Philadelphia)). After an evidentiary hearing, the District Court denied Petitioner's §2255 motion and Petitioner filed a timely appeal. Id. On November 22, 2002, the United States Court of Appeals for the Third Circuit declined to issue a certificate of appealability. See United States v. Rodriguez, No. 01-3908 (3d Cir. Nov. 22, 2002).

In May 2003, Rodriguez filed in the District Court a motion under Rule 60(b) of the Federal Rules of Civil Procedure, seeking reconsideration of the District Court's denial of his §2255 motion. See United States v. Rodriguez, Criminal Action No. 2:94-cr-0192-LS-10 (USDC E.D. Pa. (Philadelphia)). The

---

[1]Rodriguez was sentenced as a career offender pursuant to the United States Sentencing Guidelines §4B1.1.

2

District Court denied the motion. Id. On appeal, the Third Circuit construed Rodriguez's Rule 60(b) motion as a second or successive §2255 motion, and, following a limited remand, denied Rodriguez's request for a COA. See United States v. Rodriguez, No. 03-2987 (3d Cir. June 10, 2004). The Court of Appeals also denied his subsequent application to file a second or successive §2255 motion pursuant to 28 U.S.C. §2244. See In re Rodriguez, No. 04-4340 (3d Cir. Jan. 5, 2005).

On June 12, 2008, Rodriguez filed in the District Court a "consolidated motion for, and brief in support of petitioner's resentencing pursuant to 18 U.S.C. §§3582(c)(2), 3553(a)(1), (6), 3661 and United States v. Booker case law." See USA v. Rodriguez, Criminal Action No. 2:94-cr-0192-LS-10 (USDC E.D. Pa. (Philadelphia)). In that application, Rodriguez urged the District Court to re-sentence him in light of Booker, and through the mechanism of 18 U.S.C. §3582(c). Id. He also challenged his sentence enhancement as a career offender, and argued that his overall sentence is excessive compared to, as he characterizes them, his more culpable co-conspirators. Id. By order dated October 22, 2008, the District Court construed Rodriguez's application as an improper second or successive §2255 motion, and dismissed it on that ground. Id. On December 15, 2008, Rodriguez filed a notice of appeal. Id. On

May 15, 2009, finding that Rodriguez failed to comply with the AEDPA's stringent gatekeeping requirements for filing a second or successive §2255 motion, the court construed Rodriguez's notice of appeal as a request for a certificate of appealability, and denied the request. United States v. Rodriguez, 327 Fed.Appx. 327 (3d Cir. May 15, 2009).

On December 14, 2010, Rodriguez filed a petition for writ of *audita querela* claiming that he was entitled to resentencing. See United States v. Rodriguez, Criminal Action No. 2:94-cr-0192-LS-10 (USDC E.D. Pa. (Philadelphia)). On July 12, 2011, the District Court denied the petition and Rodriguez filed a notice of appeal on July 19, 2011. Id. On October 5, 2011, the United States Court of Appeal affirmed the District Court's denial of the petition for  writ of *audita querela,* finding the following:

> We agree with the District Court's conclusion that Rodriguez may not seek sentencing relief though a petition for a writ of audita querela. "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (internal quotation omitted). A motion pursuant to 28 U.S.C. §2255 is the proper avenue to challenge his sentence. Id. We note that Rodriguez has already filed one such motion, which was unsuccessful, as well as two unsuccessful applications pursuant to 28 U.S.C. §2244 for authorization to file a successive §2255 motion. Nevertheless, Rodriguez "may not seek relief through a petition for a writ of audita querela on the basis of his inability to satisfy the requirements of the Antiterrorism and Effective Death Penalty Act of 1996." Id.

4

United States v. Rodriguez, 446 Fed.Appx. 439 (3d Cir. Oct. 5, 2011).

On October 23, 2013, Rodriguez filed an application for leave to file a second or successive petition pursuant to 28 U.S.C. §2244(b) with the United States Court of Appeals for the Third Circuit, which was denied on December 3, 2013.  See In re Edwin Rodriguez, No. 13-4164 (3d Cir. Oct. 23, 2013).

On May 20, 2014, Rodriguez filed a second application for leave to file a second or successive petition pursuant to 28 U.S.C. §2244(b) with the United States Court of Appeals for the Third Circuit, which was denied on June 10, 2014.  See In re Edwin Rodriguez, No. 14-2771 (3d Cir. May 20, 2014).

On July 8, 2014, Rodriguez filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, in which he claims that his "prior conviction for involuntary manslaughter, in violation of 18 Pa. Stat. Ann. §2504(a) no longer constitutes a 'crime of violence' in light of the new interpretation of 18 U.S.C. §924(e)(B)(ii), by the Supreme Court in Begay[2]", and that "[he] is actually innocent of being a Career Offender and was

---

[2]In Begay v. United States, 553 U.S. 137 (2008), the United States Supreme Court held that although driving under the influence constitutes criminal conduct, it is not a violent felony under the Armed Career Criminal Act. Begay, 553 U.S. at 148.

convicted and sentenced of a non-existent offense in light of <u>Begay</u>." (Doc. 1 at 3).

## III.   **DISCUSSION**

Habeas corpus petitions brought under §2254 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254 (1977). <u>See, e.g.</u>, Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement" is a section 2255 motion. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A challenge to either the validity of a conviction or to a sentence must be brought in the sentencing court by way of a section 2255 motion. <u>See</u> United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999). Here, Petitioner is clearly challenging his conviction and sentence. Thus, his proper avenue of relief is a section 2255 motion filed in the district

court where he was convicted and sentenced. See section 2255 ¶5 (the motion must be filed in "the court which sentenced him").

A defendant can pursue a §2241 petition only when he shows that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255 ¶5; see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). The claimed inadequacy or ineffectiveness of §2255 must be a "limitation of scope or procedure . . . prevent[ing] a Section 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." Cradle, 290 F.3d at 538 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)); see also Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001)("A prior unsuccessful §2255 motion or the inability to meet" the requirements for a second or successive 2255 motion "does not make §2255 inadequate or ineffective."). The Petitioner has the burden of proving that §2255 would be inadequate or an ineffective remedy. Reyes-Reguena vs. United States, 243 F. 3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)).

Section 2241 should not be used as a way of evading the gatekeeping requirements of section 2255. Brown v. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001). If a petitioner improperly challenges a federal conviction or sentence under §2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

Rodriguez has already filed several motions pursuant to §2255 in the United States District Court for the Eastern District of Pennsylvania. Additionally, he has filed several requests in the Third Circuit seeking permission to file a second or successive §2255 motion, and his requests have been denied. The United States Court of Appeals for the Third Circuit has made it clear that simple inability to "meet the stringent gatekeeping requirements" does not permit the Petitioner in a case to proceed under section 2241 in order to avoid those requirements. Okereke v. United States, 307 F.3d 117, 120–21 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). See also United States v. Barrett, 178 F.3d 34, 50 (1st Cir.1999) ("A petition under §2255 cannot become 'inadequate or ineffective,' thus permitting the use of §2241, merely because a petitioner cannot meet the AEDPA 'second or successive' requirements. Such a result would make Congress's AEDPA amendment of §2255 a meaningless gesture."); Robinson

v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. §1631."). As such, in the absence of an order authorizing the filing of this second or successive petition, this Court lacks jurisdiction to entertain it.

Moreover, the representations that Rodriguez makes in his petition do not appear to demonstrate that he is entitled to resort to seeking habeas relief under 28 U.S.C. §2241 on the grounds that a motion under 28 U.S.C. §2255 would be ineffective or inadequate. Initially, the Court notes that a district court has no Section 2241 jurisdiction to reexamine or second guess the decision of the federal sentencing court. Rhines v. Holt, 434 F. App'x 67, 69 (3d Cir. 2011) (affirming dismissal of Section 2241 petition for lack of jurisdiction when petitioner argued that he was "actually innocent" of sentencing enhancement applied to him); United States v. McKeithan, 437 F. App'x 148 (3d Cir. 2011) (same); Delgado v. Zickefoose, 430 Fed. App'x 86 (3d Cir. 2011) (same); Edmonds v. United States, 427 Fed. App'x 79 (3d Cir. 2011)).

Further, sentencing enhancement challenges are insufficient to invoke

Section 2241. See Cradle, 290 F.3d at 538–39. In Dorsainvil, the Third Circuit held that Section 2241 relief is available where a subsequent statutory interpretation renders a petitioner's conduct of conviction no longer criminal. Dorsainvil, 119 F.3d at 251–52; also Okereke, 307 F.3d at 120 (holding that relief under Section 2241 is only available in "rare situations" where the crime of conviction is later deemed non-criminal). Section 2241 is not available for intervening changes in the law of sentencing. Id. In other words, if a subsequent change in the law alters only an element of sentencing but not the underlying crime of conviction, Section 2241 offers no remedy. See Okereke, 307 F.3d at 120. Here, petitioner does not allege that the crime for which he was convicted has been rendered non-criminal. Rather, petitioner contends that his sentence was improperly enhanced based on his career offender status. (Doc. 1). Accordingly, the limited Dorsainvil exception is inapplicable, and Section 2241 relief is not available. See Okereke, 307 F.3d at 120 (distinguishing Dorsainvil and dismissing habeas petition for lack of jurisdiction when subsequent statutory interpretation altered an element of sentencing but not the petitioner's conviction). Petitioner has thus failed to show that Section 2255 is inadequate or ineffective to challenge his detention, and his petition pursuant to Section 2241 is subject to dismissal for lack of jurisdiction.

## III.   Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. §2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a §2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264–65 (3d Cir. 2000)(en banc) (certificate of appealability not required to appeal from denial of §2241 petition), *abrogated on other grounds by* Gonzalez v. Thaler, ——U.S. ——, ——, 132 S.Ct. 641, 649, 181 L.Ed.2d 619 (2012); Kornegay v. Ebbert, 502 Fed.Appx. 131, 133 (3d Cir. 2012). Thus, the Court need not address this issue in the current action.

## IV.   Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:   August 14, 2014**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1307-01.wpd

11